IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD SEALS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CV-0080-MJR ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction

On August 23, 2002, a jury found Seals guilty of bank robbery and using or carrying a firearm during and in relation to a crime of violence (No. 01-cr-30140, Docs. 175 & 176). On December 3, 2002, this Court imposed a sentence of 360 months incarceration, 5 years supervised release, a special assessment of $200, and restitution of $42,169.87 (No. 01-cr-30140, Doc. 213). This Court enhanced Seals's sentence after it found that he was a career offender under §4B1.1 of the Sentencing Guidelines. On direct appeal, Seals challenged evidentiary rulings made by this Court, his career offender status, and the order of restitution. *See United States v. Seals*, **419 F.3d 600 (7th Cir. 2005)**.

The Seventh Circuit affirmed the Court's evidentiary rulings and the order of restitution, but ordered a limited remand regarding Seals's sentence in light of *United States v. Paladino*, **401 F.3d 471 (7th Cir. 2005)**. *Id*. **at 610**. On remand, this Court advised the Seventh Circuit that Seals's sentence would have been no different had he been sentenced after *United States*

1

*v. Booker*, **543 U.S. 220 (2005)** (No. 01-cr-30140, Doc. 283). On March 2, 2006, the Seventh Circuit affirmed Seals's sentence. *United States v. Seals*, **170 Fed. Appx. 421 (7th Cir. 2006)**.

On May 1, 2006, the Supreme Court denied Seals's petition for a writ of *certiorari*. *Seals v. United States*, **126 S.Ct. 1933 (2006)**. The Supreme Court denied Seals's request for rehearing on June 5, 2006. *Seals v. United States*, **126 S.Ct. 2376 (2006)**.

On February 5, 2008, Seals filed the instant motion to vacate, set aside, or correct his sentence pursuant to **28 U.S.C. § 2255** (Doc. 1). Seals claims that Amendment 709 to the Sentencing Guidelines, which became effective November 1, 2007, altered how career offender status is calculated such that he should be resentenced (Doc. 1-2, 3). Specifically, since "there was no intervening arrest; the offenses were in the same charging instrument; and the sentences were imposed on the same day," he argues that he could not be considered a career criminal and his sentence should therefore be reduced (Doc 1-2, p. 4).

On November 26, 2008, this Court directed the Government to respond to Seals's argument, as well as address the timeliness of Seals's § 2255 motion.[1] On December 4, 2008, the Government filed its response, arguing that Seals's motion is time-barred under § 2255(f), which generally imposes a one-year statute of limitations on such motions, depending on the date of certain triggering events. The Government argues that the statute of limitations expired a year after Seals's judgment of conviction became final, which makes Seals's motion untimely.

---

[1] Despite the Court's directive to respond to Seals's motion, the Government only addressed the timeliness issue. However, even that response was deficient, because the Government did not squarely address Seals's claim of timeliness under § 2255(f)(4), and instead, primarily analyzed the issue under § 2255(f)(1). The Court admonishes counsel that inattentive briefing limits the Court's ability to promptly rule and delays the resolution of matters such as this one.

Seals, however, contends that his motion is timely under **28 U.S.C. § 2255(f)(4)**. Seals claims that he is entitled to file his motion within one year from the date of discovering new facts supporting his claim, rather than simply within one year of the date on which the judgment against him became final. In the alternative, if Amendment 709 is not considered a "new fact" supporting his claim, he suggests that equitable tolling should apply.

For the reasons explained below, the Court **DENIES** Seals's motion.

### B. Analysis

The Court first notes that it does not appear that Seals's sentence can be challenged under **§ 2255** because Amendment 709 is a substantive amendment rather than a clarifying amendment. "This distinction is critical because substantive amendments to the guidelines may be challenged pursuant to **18 U.S.C. 3582(c)(2)**" rather than under **28 U.S.C. § 2255**, which applies only to clarifying amendments. ***United States v. Snyder*, 2008 WL 370663, at *3 (N.D. Ind. Feb. 11, 2008)**. But Amendment 709 appears to be substantive, because it "alters the way that certain prior convictions may be counted in calculating a defendants's Criminal History Category—it did not merely clarify the interpretation or application of the existing guidelines." *Id.* Accordingly, it appears that Seals's § 2255 motion is not an appropriate mechanism by which to raise the instant challenge to his sentence.

However, even if the Court were to find that Seals could raise this issue under **§ 2255**, the motion is untimely. A one-year statute of limitations applies to any motion to vacate, set aside, or correct a sentence under **§ 2255**. This one-year limitation runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making

3

> a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255(f)**.

Seals asserts that his motion is timely under **§ 2255(f)(4)**, since he filed his motion within a year of the date on which Amendment 709 became effective. Obviously, **§ 2255(f)(4)** only applies here if Amendment 709 constitutes a newly discovered "fact." In ***Johnson v. United States*, 544 U.S. 295 (2005)**, the Supreme Court determined that the vacatur of a defendant's prior state court conviction constituted a new "fact" for purposes of **28 U.S.C. § 2255(f)(4)**. *Id.* **at 302**. The Court reasoned that because the vacatur of the prior conviction was "subject to proof or disproof like any other factual issue," it was a "fact supporting the claim." *Id.* **at 307**.

However, courts have declined to expand this ruling to encompass every substantive change in the law. *See **Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (finding that under § 2244(d)(1)(c), a parallel limitations provision to § 2255(f)(4), state court rulings that modify the substantive law do not constitute a "factual predicate")**. Likewise, an extension of *Johnson* is not warranted here because Amendment 709 is not a "fact" pertaining to Seals's personal criminal history that alters or changes his legal status. *Id*. The Amendment is not "subject to proof or disproof," but is rather a substantive legal change. Construing every substantive change in the law as a new "fact" for the purposes of **§ 2255(f)(4)** would render meaningless the limitations provision under **§ 2255(f)(3)**, which provides that § 2255 motions may be filed within one year of a retroactive change in the law as pronounced by the Supreme Court. Accordingly, because Amendment 709 is

4

not a "fact" within the meaning of **§ 2255(f)(4)**, Seals's motion cannot be deemed timely under that provision.

Neither is Seals entitled to equitable tolling. While **§ 2255** is a "statute of limitations subject to equitable tolling," equitable tolling is permitted only in rare cases where extraordinary circumstances warrant its use. ***Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004)**. Indeed, the Seventh Circuit has found the application of equitable tolling unwarranted even in situations where delays were due to the mistakes and negligence of others. *See Marcello***, 212 F.3d at 1010 (the death of attorney's father did not warrant equitable tolling);** *Modrowski v. Mote***, 322 F.3d 965, 967-68 (7th Cir. 2003) (attorney incapacity did not create a need for equitable tolling)**. Further, courts in this Circuit have explained that changes in state and federal law do not automatically justify a need for equitable tolling. *See Lo***, 506 F.3d at 576 (ruling that changes in state substantive law did not constitute extraordinary circumstances);** *Snyder***, 2008 WL 370663 at \*2 (stating that even the Supreme Court's decisions in** *United States v. Booker***, 543 U.S. 220 (2005), and** *Blakely v. Washington***, 542 U.S. 296 (2004), did not warrant application of equitable tolling)**. In fact, the Seventh Circuit has "yet to identify a factual circumstance so extraordinary that it warrants equitable tolling" in the habeas context. *See Johnson v. Chandler***, 224 Fed. Appx. 515, 519 (7th Cir. 2007)**.

The argument Seals appears to advance in favor of equitable tolling is indistinguishable from his arguments articulated under **§ 2255(f)(4)**. Seals asserts that since the amendment was not effective until November 2007, there is no way he could have been aware of its changes before the statute of limitations expired (Doc. 1-2 at 4-5). However, there is no indication that these circumstances here are extraordinary, particularly in light of this Circuit's

5

precedent. In short, establishing that equitable tolling applies involves a high and difficult threshold, which Seals is unable to meet.

In light of this, there is no doubt that any motion under § 2255 is time-barred, because the statute of limitations runs from the day after Seals's judgment of conviction became final. As such, the deadline for filing a § 2255 motion was May 2, 2007—one year from the day after the Supreme Court denied *certiorari* in Seals's case. **United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule, which places the one-year limitations period between the day after the Supreme Court denies *certiorari* and the one-year anniversary of that order)**. Seals's motion was not filed until February 5, 2008, and is therefore untimely.

Finally, the Court briefly addresses Seals's argument under *United States v. Horn*, **590 F. Supp. 2d 976 (M.D. Tenn. 2008).** In that case, the court granted the Defendant's motion for a reduction in sentence under Amendment 709. There, the Defendant brought his motion under **18 U.S.C. § 3582**, rather than **§ 2255**. The court noted that the Sentencing Guidelines include a policy statement indicating that a court may reduce a defendant's sentence if the applicable guideline range has been lowered as a result of an amendment listed in **U.S.S.G. § 1B1.10(c)**. *Id.* **at 981-93.** Even though Amendment 709 is not listed in **§ 1B1.10(c)**, the court declined to follow the policy statement, and set the matter for resentencing so that the defendant could receive the benefit of Amendment 709.

Even construing Seals's request as a motion under **18 U.S.C. §3582**, this Court respectfully disagrees with the reasoning of *Horn*. Under **§ 3582(c)(2)**,

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

> pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment . . . *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

**(emphasis added).** This Court finds that in light of the express language of **§ 3582(c)(2)**, Amendment 709 is not to be applied here because the amendment is not listed in **§ 1B1.10(c)**. Accordingly, a reduction of Seals's sentence under Amendment 709 would not be consistent with the Sentencing Commission's policy statement. *See Snyder*, **2008 WL 370663 at \*3**. Thus, Seals's motion must be denied.

### C. Conclusion

For all of these reasons, this Court **DENIES** Seals's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1).

**IT IS SO ORDERED.**

**DATED this 24th day of April 2009.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**